FILED
Feb 12, 2024
12:30 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Willie Rucker, Jr. | ) Docket No. 2021-08-0611 |
| | ) |
| v. | ) State File No. 46819-2020 |
| | ) |
| Federal Express Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee reported suffering several injuries, including to his head and neck, while working for the employer as a package handler. His claim was accepted as compensable and medical benefits were provided. After the authorized physicians treated and released the employee, he suffered one or more strokes, which he attributed to the work accident. After the trial court entered an order denying the employee's claim for temporary disability and medical benefits, which we affirmed, the employer filed a motion for summary judgment, asserting that the employee had come forward with no expert medical opinion causally relating his strokes and associated medical conditions to the work accident. The trial court then granted the motion for summary judgment and dismissed the petition for benefits related to the employee's strokes while leaving open his entitlement to future medical benefits related to the work accident. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify the order granting summary judgment as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Willie Rucker, Jr., Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller and Joseph B. Baker, Memphis, Tennessee, for the employer-appellee, Federal Express Corporation

## Factual and Procedural Background

Willie Rucker, Jr. ("Employee"), reported an accident on July 18, 2020, while working at Federal Express Corporation ("Employer"), when a heavy package fell and struck him on his head and upper body. Following this incident, Employer provided Employee with panels of orthopedic and neurology specialists, and Employee selected Dr. Riley Jones and Dr. Alan Nadel, respectively, as his authorized treating physicians.

At his initial appointment with Dr. Jones, an orthopedic surgeon, in August 2020, Employee complained of pain in his low back and neck. Dr. Jones ordered MRIs of Employee's back, neck, and pelvis, as well as EMGs of his extremities and a bone scan. He also ordered physical therapy. In December 2020, Dr. Jones noted that the EMG results were normal and opined that Employee's orthopedic complaints were degenerative, "non-acute," and did not meet "the 51% causation rule."

Employee also treated with Dr. Nadel during this time for his neurologic complaints. At Employee's initial appointment on September 3, 2020, Dr. Nadel diagnosed Employee with a mild post-trauma headache "without any residual neurologic deficit." After several additional appointments, Dr. Nadel concluded in January 2021 that Employee's physical examination was "really unremarkable." Dr. Nadel completed a Final Medical Report (Form C30A) on that same date releasing Employee at maximum medical improvement and assigning no permanent medical impairment.

Approximately two months after both treating physicians had released Employee from their care, Employee suffered a stroke that he believed was caused by the July 2020 work accident.[1] At an expedited hearing convened to address Employee's request for additional medical care and temporary disability benefits, Employee introduced medical records from March 2021, wherein he was diagnosed with an acute ischemic stroke, but those records contained no statement addressing the cause of the stroke. Employee testified he had never had a stroke prior to the work incident in 2020 and believed the stroke was related to the head injury he had sustained at work. In response, Employer relied on the medical opinions of both Dr. Jones and Dr. Nadel, as well as medical records from 2015 indicating Employee had suffered from an "acute cerebrovascular incident" following a home invasion and burglary.

Following the expedited hearing, the trial court entered an order denying the requested disability and medical benefits, stating Employee had presented no expert medical proof to support his contention that his stroke was causally related to the work incident. It further relied on Dr. Nadel's medical records indicating there were no objective neurological findings and releasing Employee from his care. On appeal, we

---

[1] There are indications in the record that Employee may have suffered two strokes: one in March 2021 and a second in November 2021.

affirmed the trial court's order and remanded the case. Thereafter, Employer filed a motion for summary judgment, arguing that Employee was unable to come forward with expert medical evidence supporting his contention that the March 2021 stroke or any subsequent stroke was causally related to the July 2020 work accident.

In response to Employer's motion for summary judgment, Employee filed a statement in which he asserted Employer improperly relied on medical records from a prior incident. He also argued that Dr. Jones and Dr. Nadel had given "false results" about the work injury. Finally, he claimed he had been seen by a "Dr. Roberson," who had "found my injury was work related." He claimed Employer "stop[ped] me from seeing [Dr. Roberson]." Employee did not file responses to Employer's Statement of Undisputed Facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. He also did not file or rely on any affidavits, deposition transcripts, answers to interrogatories, or admissions as contemplated in Rule 56.04, or assert there were any disputed issues of material fact.

Thereafter, the trial court entered an order granting Employer's motion and dismissing Employee's petition seeking benefits related to his strokes but leaving open Employee's entitlement to future medical benefits causally related to the July 2020 work accident. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). However, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In his notice of appeal, Employee asserted that he "never recover[ed] from" his work injury, that he is "still having problems" with pain in his head, and that he suffers from a bulging disc in his neck, "severe damage" to his right leg, and a "severe shoulder

3

rotator cuff tear." He also asserted that he "can't think," has "vision damage," and suffers from impaired balance. In addition to his notice of appeal, Employee also filed certain handwritten statements that we elected to treat as his brief on appeal. In the first such statement, Employee asserted he suffers from a "blood clot in my lung on right side." He also claims he can no longer work due to the July 2020 accident. In another statement, Employee argues that Drs. Jones and Nadel "overlooked the damages" caused by the work accident and that he also suffers from a blood clot in his brain.

However, in none of the statements Employee submitted on appeal did he explain how he believed the trial court erred in granting summary judgment as to the claims related to the strokes. Moreover, following the filing of Employer's motion for summary judgment, Employee did not file responses to the statements of undisputed facts, and he offered the trial court no evidence creating any genuine issue as to any material fact.

It is well settled that an appellate court cannot act as a party's attorney. As explained by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Were we to search the record and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Moreover, although parties who decide to represent themselves are entitled to fair and equal treatment, *see Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000), "courts must not excuse [self-represented] litigants from complying with the same substantive and procedural rules that represented parties are expected to observe," *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Here, Employee has expressed his belief that his current medical conditions were caused by the July 2020 work accident. However, this subjective belief, no matter how sincerely held, is not a sufficient basis to support his claim for workers' compensation benefits. *Arciga v. AtWork Personnel Servs.*, No. 2015-02-0217, 2016 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Feb. 2, 2016). Instead, after Employer filed a properly supported motion for summary judgment, Employee was required to come forward with sufficient evidence to indicate there is a genuine issue of material fact as to whether his current medical conditions arose primarily from the work accident. *See, e.g.*, *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). He did not do so. In short, we conclude the trial court did not err in granting Employer's motion for summary judgment as to all claims related to Employee's strokes.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Willie Rucker, Jr. | ) | Docket No. 2021-08-0611 |
| | ) | |
| v. | ) | State File No. 46819-2020 |
| | ) | |
| Federal Express Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of February, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Willie Rucker, Jr. | | | | X | willruck777@gmail.com |
| Stephen P. Miller | | | | X | smiller@mckuhn.com<br>jbaker@mckuhn.com<br>mdoherty@mckuhn.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov